10527

HIRSCHMANN & SONS v. KOESTER.

(105 S. E. 284.)

APPEAL AND ERROR—OBJECTION THAT TRIAL JUDGE MISSTATED ISSUE NOT CONSIDERED, RECORD NOT SHOWING OBJECTION BELOW.—When the trial Judge misstates the issues, it is the duty of litigants to call his attention to that fact, and, if they do not, the error is not reversible, so that an exception to instructions because they submitted an issue

established by undisputed evidence cannot be sustained, where the record does not show that the attention of the Judge was called to the objection.

Before DeVore, J., Charleston, January term, 1920. Affirmed.

Action by Solomon Hirschmann and Henry Hirschmann, partners as S. Hirschmann & Sons against H. L. Koester, for goods sold and delivered. From judgment for defendant on a counterclaim, the plaintiffs appeal.

*Messrs. Rutledge & Hyde,* for appellants, cite: *Where the presiding Judge misstates the issues in a case in such a way as to be a charge on the facts it constitutes reversible error:* 96 S. C. 74; 86 S. C. 313; 100 S. C. 371; 81 S. C. 541; 91 S. C. 284.

*Messrs. Edward W. Hughes* and *Geo. H. Momeier,* for respondents, cite: *New matter in reply deemed controverted by defendant:* Sec. 219, Code Proc. 1912.

December 20, 1920.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellant's argument thus states the appellant's case:

"This was an action to recover on an account for goods sold and delivered, and the defendant, denying that he was indebted to the plaintiffs, set up a counterclaim, alleging that, in the latter part of August, 1913, the plaintiffs purchased an automobile truck from him for $1,000, and promised to pay for the same, and, further, alleged that the plaintiffs had failed to pay him the said purchase price, and prayed judgment for the difference between the said purchase price and the bill for the goods sold.

"When the case came on for trial, the account for the goods sold was admitted, and the plaintiffs having replied

to the counterclaim, alleging that they had not purchased the automobile truck, but had received the same in possession for the purpose of demonstrating the same, with the understanding that if it were not satisfactory there would be no sale; that the truck proved to be unsatisfactory to the plaintiffs, and they had, therefore, refused to pay for it. The case was tried on the issues thus presented. Testimony was taken on both sides, and the Judge charged the jury, among other things, using the language set out in the exceptions, to which special reference shall be made hereafter."

"The appeal is upon the ground that, in charging the jury as excepted to, the Judge submitted to them the question whether the truck had been purchased with the understanding that it was to be paid for if it proved satisfactory after trial, whereas, the uncontradicted evidence in the case showed that that was the gist of the contract, and that there was, therefore, no dispute upon the question so submitted to the jury; and, further, that he also submitted to the jury the question whether there was a sale of the truck, whereas the undisputed evidence showed, and the defendant admitted, there had been simply an option given on the truck, or at most a conditional sale agreed to."

Argument: "The point made by both exceptions is that the Judge submitted to the jury, as disputed questions for them to decide, matters of which there was no dispute, and that he thus charged erroneously upon the issues involved in the case, and that such charge was misleading because it diverted the attention of the jury from the real issue, the tendency being to withdraw their attention from the testimony in support of the contention of the plaintiffs."

"The counterclaim, set up by the defendant, did allege that the plaintiffs purchased the automobile truck from the defendant, and the plaintiffs in their reply did allege that they had received the truck for demonstration and trial, with the understanding that they were only to pay for it if it

proved satisfactory; that it had proved unsatisfactory, and they had, therefore, refused to pay for it."

It thus appears that the appellant complains that the presiding Judge misstated the issue to. the jury. It is well settled in this State that when the Judge misstates the issues, it is the duty of the litigants to call the attention of the Judge to that fact, and, if they do not, the error is not reversible. The record does not show that the attention of the Judge was called to it, and the appeal cannot be sustained.

The appellant has overlooked the fact that the issue of purchase was made both in pleading and evidence.

The judgment is affirmed.

MESSRS. JUSTICES HYDRICK and WATTS concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE GAGE absent on account of sickness.